UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORY THOMAS ) | |
| ) | Case Number  12-79 Erie |
| **Plaintiff** ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| STONELEIGH RECOVERY ) | |
| ASSOCIATES, LLC ) | |
| ) | JURY TRIAL DEMANDED |
| **Defendant** ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Cory Thomas, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.     Plaintiff, Cory Thomas, (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Cory Thomas, is an adult natural person residing at 106 Broad Street, Port Alleghany 16743-1228. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Stoneleigh Recovery Associates, LLC, (Defendant) at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the state of Illinois with a principal place of business located at 810 Springer Drive, Lombard, IL 60148.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about January 20, 2012, Plaintiff started to receive collection calls from Defendant's agent, "Tom", on a debt allegedly owed on an HSBC's account.

8. At that time, Plaintiff was informed that he owed approximately $5,344.00.

9. Later that day, Plaintiff also began to receive automated calls to his home in regards to this matter from the Defendant.

10. Defendant's automated calls would state that if you are not "Cory Thomas", please hang-up, however with no one home to answer the calls, the message would continue disclosing information about the Plaintiff's debt.

11. Plaintiff's parents also started to receive automated calls to their home from the Defendant for their son.

12. Each message would clearly disclose the Plaintiff's debt information.

13. Plaintiff does not reside with his parents.

14. Plaintiff's parents are not users on this account.

15. On or about January 23, 2012, Plaintiff placed a call to Defendant's agent, "Tom", to ask the Defendant to stop calling his parents.

16. Defendant's agent, "Tom", was not available to speak with the Plaintiff, so he was transferred to another agent.

17. Plaintiff informed that agent that he had retained the services of personal counsel to assist him in his debt negotiations and that he would like the Defendant to call his attorney directly.

18. At that time, Plaintiff also informed the Defendant that he was not permitted to receive calls his place of employment either.

19. Defendant's agent, stated that she would mark the Plaintiff's file that he had an attorney and that the Defendant would not call him directly again.

20. On or about January 24, 2012, Plaintiff contacted the Defendant again to give them his attorney's direct number.

21.     On or about January 25, 2012, Defendant's agent, "Tom", called the Plaintiff as his place of employment looking to set up payment arrangements.

22.     Plaintiff informed the Defendant that they needed to remove his work number from their file, because he could lose his job if he received personal calls.

23.     Defendant's agent, "Tom", responded that they would not remove the number and that they could call the Plaintiff wherever they could get in touch with him.

24.     Before ending the call, Defendant's agent, "Tom", warned the Plaintiff that this was his problem and that he was just going to have to deal with it.

25.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

26.     At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27.     At all times pertinent hereto, Defendant, was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, herein.

28.     As a result of the conduct of Defendant, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

29.     Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

### **COUNT I – FDCPA**

30.     The above paragraphs are hereby incorporated herein by reference.

31.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| §§ 1692c(a)(3): | At place of employment when knows that the employer prohibits such communications |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney or credit bureau |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

   §§ 1692e(10):  Any false representation or deceptive means to collect a debt or obtain information about a consumer

   §§ 1692f:  Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Stoneleigh Recovery Associates, LLC, for the following:

 a. Actual damages;

 d. Statutory damages pursuant to 15 U.S.C. §1692k;

 c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

 d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

33. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

34. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

35. The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

36. The FCEUA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

37. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

38. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

39. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

40. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

41.   The foregoing paragraphs are incorporated herein by reference.

42.   Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

43.   The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

44.   The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a.   Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b.   Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c.   Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

45.   As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

46.   By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.      An Order declaring that Defendant violated the UTPCPL;

    b.      Actual damages;

    c.      Treble damages;

    d.      An award of reasonable attorney's fees and expenses and cost of suit; and

    e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                      **Respectfully submitted,**

                                      **VULLINGS LAW GROUP, LLC**

**Date:  March 16, 2012**          **BY:** */s/Brent F. Vullings*
                                      Brent F. Vullings, Esquire

                                      Vullings Law Group, LLC
                                      3953 Ridge Pike
                                      Suite 102
                                      Collegeville, PA 19426
                                      610-489-6060
                                      Attorney for Plaintiff